# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 29, 2009

137879

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

IAN ALBERT ANDERSON,
      Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 137879
COA: 277370
Jackson CC: 06-003887-FC

On order of the Court, the application for leave to appeal the November 18, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J. (*dissenting*).

I would grant leave to consider the Court of Appeals interpretation of MCL 750.85. Enacted as 2005 PA 335, effective March 1, 2006, MCL 750.85 established torture as a new felony in Michigan. An assailant commits torture if, "with the intent to cause cruel or extreme physical or mental pain and suffering, [he or she] inflicts great bodily injury or severe mental pain or suffering upon another person within his or her custody or physical control . . . ." MCL 750.85(1). MCL 750.85(2)(b) provides: "'Custody or physical control' means the forcible restriction of a person's movements or forcible confinement of the person so as to interfere with that person's liberty, without that person's consent or without lawful authority." The Court of Appeals interpreted the final clause of this definition to require a prosecutor to prove that the victim was confined *either* "without that person's consent" *or* "without lawful authority," but not both. Defendant argues that the statute requires proof of *both* lack of consent *and* lack of lawful authority. He states that, otherwise, the distinction would be largely meaningless because those with lawful authority to restrain others—such as parents or prison guards—will rarely have the consent of their charges. He further claims that the Legislature intended to exempt from the statute those with lawful authority to restrain others. Accordingly, he argues that the statute's use of the word "or" is ambiguous in this context and was

misused as a conjunctive. See *People v Gatski,* 260 Mich App 360, 365 (2004) ("It is well-established that the word 'or' is often misused in statutes and it gives rise to an ambiguity in the statute because it can be read as meaning either 'and' or 'or.'"). He claims that the context here suggests that the Legislature meant the statute to apply only to those who restrain another "without that person's consent *and* without lawful authority." In light of defendant's arguments, I would grant leave to appeal to consider the meaning of the statute. Indeed, although the prosecution favors the result reached by the Court of Appeals, it appears to concede that the statute is difficult to interpret. Because a majority of this Court has denied leave in this case, I urge the Legislature to provide guidance to the courts concerning the proper application of this relatively new statute, perhaps by reconsidering the statute's wording.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 29, 2009

Clerk